1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10  ROBERT MARTIN and CHRISTY
    MERCADO-MARTIN,
11
             Plaintiffs,                    No. CIV S-06-1018 DAD
12
        v.
13
    FITZGERALD'S CASINO AND
14  HOTEL, RENO,

15           Defendant.

16  _____/

17            **FURTHER STATUS (PRETRIAL SCHEDULING) ORDER**

18            READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES

19  WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL

20  AND PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS

21  ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER

22  SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN

23  ORDER OF JUDGMENT.

24            Upon reassignment of this case to the undersigned for all purposes, the parties

25  were directed to file a joint status report setting forth a proposed schedule for further proceedings

26  in the action.  A timely response was filed on June 7, 2007.

1

Having considered the parties' proposed amendments to the pretrial scheduling order previously issued on July 21, 2006, the court makes the following findings and orders:

**SERVICE OF PROCESS**

All parties defendant have been served and no further service is permitted except with leave of court, good cause having been shown.

**JOINDER OF PARTIES/AMENDMENTS**

No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

**JURISDICTION/VENUE**

This action was removed from state court.  Jurisdiction is predicated upon 28 U.S.C. § 1332 (diversity).  Venue is undisputed and is hereby found to be proper.

**MOTION HEARING SCHEDULES**

All pretrial law and motion except as to discovery is left open, save and except that it shall be conducted so as to be completed by **February 1, 2008**.  The word "completed" in this context means that all law and motion matters must be **heard** on or before the above date.  In order for a motion to be heard on that date, it must be set for hearing on the motion calendar not less than twenty-eight (28) days after personal service and filing of the motion, or not less than thirty-one (31) days after mailed or electronic service and filing of the motion.  It is incumbent upon the parties to contact this court's courtroom deputy, Pete Buzo, at (916) 930-4128 sufficiently in advance so as to ascertain the dates upon which law and motion will be heard and to properly notice motions for hearing.  The parties are cautioned to refer to Local Rule 78-230 regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar.

**Opposition or a statement of non-opposition to all motions shall be filed not later than 4:30 p.m. fourteen (14) days preceding the hearing date, or by proof of service by**

1  **mail or electronic means not less than seventeen (17) days preceding the hearing date.**  This

2  paragraph does not preclude motions for continuances, temporary restraining orders, or other

3  emergency applications, and is subject to any special scheduling set forth in the

4  "MISCELLANEOUS PROVISIONS" paragraph below.

5          The parties should keep in mind that the purpose of law and motion is to narrow

6  and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues

7  that are susceptible to resolution without trial.  To accomplish that purpose, the parties need to

8  identify and fully research the issues presented by the case, and then examine those issues in light

9  of the evidence gleaned through discovery.  If it appears to counsel after examining the legal

10  issues and facts that an issue can be resolved by pretrial motion, counsel shall file the appropriate

11  motion and notice it for hearing on or before the law and motion cutoff date set forth above.

12          <u>ALL</u> PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY

13  PRETRIAL MOTION.  Counsel are reminded that motions in limine are procedural devices

14  designed to address the admissibility of evidence.  COUNSEL ARE CAUTIONED THAT THE

15  COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED

16  IN THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.  COUNSEL ARE

17  FURTHER CAUTIONED THAT IF ANY LEGAL ISSUE THAT SHOULD HAVE BEEN

18  TENDERED TO THE COURT BY PRETRIAL MOTION MUST BE RESOLVED BY THE

19  COURT AFTER LAW AND MOTION CUTOFF, SUBSTANTIAL SANCTIONS MAY BE

20  LEVIED AGAINST COUNSEL WHO FAILED TO TIMELY FILE AN APPROPRIATE

21  MOTION.

22          **DISCOVERY**

23          All discovery is left open, save and except that it shall be so conducted as to be

24  <u>completed</u> by **December 7, 2007**.  The word "completed" means that all discovery shall have

25  been conducted so that all depositions have been taken and any disputes relative to discovery

26  shall have been resolved by appropriate order if necessary and, where discovery has been

1   ordered, the order has been complied with.  Motions to compel discovery must be noticed in

2   accordance with the local rules of this court.

3      Plaintiffs shall designate in writing and file with the court and serve upon all other

4   parties the names of all experts that they propose to tender at trial not later than **September 21,**

5   **2007**.  Defendant shall designate in writing and file with the court and serve upon all parties the

6   names of all experts that it proposes to tender at trial not later than **October 5, 2007**.  All experts

7   so designated are to be fully prepared to render an informed opinion at the time of <u>designation</u> so

8   that they may fully participate in any deposition taken by the opposing party.  Experts will not be

9   permitted to testify at the trial as to any information gathered or evaluated, or opinion formed,

10  after deposition taken subsequent to designation.

11     An expert witness not listed will not be permitted to testify unless the party

12  offering the witness demonstrates that:  (a) the necessity of the witness could not have been

13  reasonably anticipated at the time the lists were exchanged; (b) the court and opposing counsel

14  were promptly notified upon discovery of the witness; and (c) the witness was promptly

15  proffered for deposition.

16          **<u>FINAL PRETRIAL CONFERENCE</u>**

17     The Final Pretrial Conference is **SET** for **March 28, 2008**, at **1:30 p.m.** in

18  Courtroom 27 before the undersigned.  Counsel are cautioned that counsel appearing for Pretrial

19  will in fact try the matter.

20     Counsel are to be fully prepared for trial at the time of the Pretrial Conference,

21  with no matters remaining to be accomplished except production of witnesses for oral testimony.

22  Counsel are referred to Local Rules 40-280 and 16-281 relating to the contents of and time for

23  filing Pretrial Statements.  A FAILURE TO COMPLY WITH LOCAL RULES 40-280 AND 16-

24  281 WILL BE GROUNDS FOR SANCTIONS.

25     Plaintiffs and defendant shall each file a separate Pretrial Statement in accordance

26  with the provisions of Local Rule 16-281.  Additionally, the parties are to prepare a <u>JOINT</u>

4

STATEMENT with respect to the undisputed facts and disputed factual issues of the case.  See

Local Rule 16-281(b)(3), (4), and (6).  In that joint statement, the undisputed facts and disputed

factual issues are to be set forth in two separate sections.  In each section, the parties should

identify first the general facts relevant to all causes of action.  After identifying the general facts,

the parties should then identify those facts which are relevant to each separate cause of action.  In

this regard, the parties are to number each individual fact or factual issue.  Where the parties are

unable to agree as to what factual issues are properly before the court for trial, they should

nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any

party and explain by parenthetical the controversy concerning each issue.  The parties should

keep in mind that, in general, each fact should relate or correspond to an element of the relevant

cause of action.  Notwithstanding the provisions of Local Rule 16-281, the Joint Statement of

Undisputed Facts and Disputed Factual Issues is to be filed with the court concurrently with the

filing of plaintiffs' Pretrial Statement.  The undisputed facts will be read to the jury.

Pursuant to Local Rule 16-281(b)(10) and (11), the parties are required to provide

with their separate Pretrial Statements a list of witnesses and exhibits that they propose to proffer

at trial, no matter for what purpose.  These lists shall not be contained in the Pretrial Statement

itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial

Order.  Plaintiffs' exhibits shall be listed **numerically**; defendant's exhibits shall be listed

**alphabetically**.  In the event that the alphabet is exhausted, defendant's additional exhibits shall

be marked "2A-2Z, 3A-3Z," etc.

The Pretrial Order will contain a stringent standard for the proffering of witnesses

and exhibits at trial not listed in the Pretrial Order.  Counsel are cautioned that the standard will

be strictly applied.  On the other hand, the listing of exhibits or witnesses which the party does

not intend to call or use will be viewed as an abuse of the court's processes.

Pursuant to Local Rule 16-281(b)(12), each party is required to provide a list of all

answers to interrogatories and responses to requests for admission that the party expects to offer

1  at trial.  This list should include only those documents or portions thereof which the party expects

2  to offer in its case-in-chief.  Unless otherwise barred by a rule of evidence or order of this court,

3  the parties remain free to tender appropriate discovery documents during trial for such purposes

4  as, but not limited to, impeachment or memory refreshment.

5         Pursuant to Local Rule 16-281(b)(8), the parties' Pretrial Statements shall contain

6  a "statement of legal theory, etc."  Each party shall commence this section by specifying as to

7  each claim whether federal or state law governs, and if state law, the state whose law is

8  applicable.

9         The parties are also reminded that, pursuant to Fed. R. Civ. P. 16, it will be their

10  duty at the Pretrial Conference to aid the court in (a) formulation and simplification of issues and

11  the elimination of frivolous claims or defenses; (b) settling of facts which should be properly

12  admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  Each party must

13  prepare its Pretrial Statement and participate in good faith at the Pretrial Conference with these

14  aims in mind.  A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION of SANCTIONS

15  which may include monetary sanctions, orders precluding proof, elimination of claims or

16  defenses, or such other sanctions as the court deems appropriate.

17                    **TRIAL SETTING**

18         Trial is **SET** for **June 2, 2008**, at **10:00 a.m.** in Courtroom 27 before the

19  undersigned.  Trial will be by jury and is anticipated to require no more than six to eight trial

20  days.

21                 **SETTLEMENT CONFERENCE**

22         A Settlement Conference will be set before a judge other than the trial judge at the

23  time of the Pretrial Conference.

24         Counsel are cautioned to have a principal capable of disposition present at the

25  Settlement Conference or to be fully authorized to settle the matter on any terms and at the

26  Settlement Conference.

**MISCELLANEOUS PROVISIONS**

The parties are reminded that pursuant to Fed. R. Civ. P. 16(b), this order **shall not be modified except by leave of court upon a showing of good cause.**  The parties are cautioned that changes to any of the scheduled dates will necessarily result in changes to all other dates.  Thus, even where good cause has been shown, the court will not grant a request to change the discovery cutoff date without modifying the pretrial and trial dates.  **Agreement by the parties pursuant to stipulation does not constitute good cause.**

There appear to be no other matters presently pending before the court that will aid the just and expeditious disposition of this matter.

IT IS SO ORDERED.

DATED: July 9, 2007.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
ddad1\orders.consent\martin1018.sched.ord

7